UNITED STATES OF AMERICA
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cause No. 1:20-CR-33-HAB |
| ) | |
| HENRY E. UNDERWOOD ) | |

**OPINION AND ORDER**

Now before the Court are several filings from Defendant, including a Motion for Continuance (ECF No. 94) and two motions for writ of habeas corpus ad testificandum (ECF Nos. 95, 96). All are deficient, and all will be denied.

**I.   Motion to Continue**

Defendant's motion to continue contradicts every requirement the Court has for such motions. This Court has expressly advised the parties that, "A defense motion [to continue] must include the appropriate reference to the Speedy Trial Act, the proposed length of any requested continuance, the position of the Government, and an indication of agreement by the Defendant." (*See, e.g.*, ECF No. 59 at 2). None of this information, except for the implicit agreement of Defendant, is in the motion. On that basis alone, the Court could deny it.

The motion also fails on its merits. It appears that Defendant is seeking a continuance because of the unavailability of Detective D. Hartman and Pamela Callahan, who the Court understands to be the Indiana State Police's fingerprint analyst. (ECF No. 94-1). The Court assumes, then, that the motion is being made under 18 U.S.C. § 3161(h)(7)(B)(1), with the period of delay excludable under subsection (h)(3)(A).

The problem is that, at this point, Defendant has not shown that those individuals are unavailable. There is no indication that either individual has been subpoenaed by either party to

testify. If they have been subpoenaed, there is no explanation as to why they cannot appear at trial. There is no explanation as to why either individual is essential to the defense. *United States v. O'Connor*, 656 F.3d 630, 643 (7th Cir. 2011). The Court cannot determine, then, whether the motion is properly granted or if the continuance would be excluded from a speedy trial calculation. On the record before it, the Court must deny the motion to continue.

## II.     Subpoena Issues

Defendant has also submitted motions for writ of habeas corpus ad testificandum for Brandon Henderson and Destiny Townsend. The problem is that the motions for writ, on their faces, show that neither individual is incarcerated. But such a writ can only be used to "compel production of an incarcerated party or witness." *Stone v. Morris*, 546 F.2d 730, 737 (7th Cir. 1976). The Court cannot issue the writs as requested.[1]

If Defendant wants Henderson and Townsend to testify, they should be subpoenaed. The Clerk will be directed to provide Defendant with a copy of the subpoena form. Defendant is reminded that, for the reasons set out in ECF No. 84, the Court will not prepare or serve subpoenas for any witness unless Defendant explains, in an ex parte motion, why the witness is necessary for an adequate defense.

## III.    Request to Remove Standby Counsel

Finally, Defendant asks that the Court replace his standby counsel, Attorney Stanley Campbell. Defendant states that Attorney Campbell "ain't do nothing," and request standby counsel that "gone actually assist [him]." (ECF No. 94 at 2; 94-1). Defendant seems to believe that Attorney Campbell's inaction is a violation of his Sixth Amendment right to assistance of counsel.

---

[1] The Court has issued Defendant's requested writ for Senaca James. (ECF No. 93).

2

The Court has been down this road with Defendant before. Defendant expressly waived his Sixth Amendment right to assistance of counsel when he chose to represent himself. The role of standby counsel was explained to him orally and in writing. (ECF No. 47; 84 at 2). As the Court previously stated:

> To be clear, Attorney Campbell, Defendant's standby counsel, is not Defendant's co-counsel or paralegal. Attorney Campbell need not put in effort on Defendant's behalf other than as ordered by the Court. When Defendant chose to represent himself, he chose just that. The Court will not now hear Defendant complain that Attorney Campbell is not doing tasks Defendant has elected to perform himself.

(ECF No. 84 at 2). That statement is still true, and Defendant's request for new standby counsel is DENIED.

**IV.    Conclusion**

For these reasons, Defendant's Motion to Continue (ECF No. 94) and his motions for writ of habeas corpus ad testificandum (ECF Nos. 95, 96) are DENIED. The Court CONFIRMS the three (3) day jury trial beginning on July 26, 2022, at 10:00 a.m. The Clerk is DIRECTED to send Defendant a copy of a subpoena form for his use.

SO ORDERED on July 12, 2022.

                                                 s/ Holly A. Brady
                                                 JUDGE HOLLY A. BRADY
                                                 UNITED STATES DISTRICT COURT