UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-33-HAB |
| ) | |
| HENRY E. UNDERWOOD ) | |

**OPINION AND ORDER**

Defendant, who chose to take the stand on his own behalf during his September 2022 trial, repeatedly refused to answer a question posed by the Government during cross-examination. The Court advised Defendant that he could be held in contempt of court if he refused to answer. Still, Defendant refused. The Court, on its own motion, now finds Defendant in criminal contempt of court.

**I.     Background Facts**

Defendant was charged with a single count of being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The charges stemmed, in part, from a December 2019 shooting in Fort Wayne, Indiana. Defendant, accompanied by two other individuals, went to a home to confront an individual inside. After a short verbal altercation, one of the three individuals fired several shots into the home.

Defendant proceeded to trial where he represented himself. On the second day, Defendant took the stand and denied ever being in possession of a firearm, although he admitted handling a magazine containing ammunition. On cross-examination, Defendant was asked if there was an individual standing by the car that transported Defendant to the home. Defendant confirmed that there was. Defendant was then asked if he knew the identity of that individual. Defendant confirmed that he did. Defendant was then asked to identify that individual. He responded:

> I'm not – I'd rather not – I'm not – I'm not about to say no names because I'm not going to be no witness in no cases. I'm not about to make it seem like I'm snitching on nobody. I don't want nobody calling me, asking me to get on the stand, try to get somebody sent to prison. I disagree with that.

(ECF No. 163 at 3).

The Court directed Defendant to answer, at which time he asserted his Fifth Amendment rights. During a short sidebar, Defendant admitted that his answer would not incriminate himself, but someone else. The Court then advised him that the Fifth Amendment did not apply, and again directed him to answer the question. When Defendant continued to refuse, the Court decided to go back on the record, and advised Defendant:

> If you choose not to answer the question, then you'll be held in contempt of court. I'm instructing you to answer. You elected to take the stand. You elected to testify in this case; and therefore, the prosecution—the Government is permitted to ask you relevant questions. This is a relevant question, so I'm going to direct you to answer the question.

(*Id*. at 6).

Back on the record, the Government again asked Defendant to identify the individual near the vehicle. Defendant continued to refuse to answer. At this point, the jury was excused from the courtroom.

The Court and Defendant then discussed Defendant's reasons for refusing to answer the question. In essence, Defendant did not want to be viewed as a "snitch." When asked for its thoughts on the matter, the Government asked that, if he refused to answer the question, Defendant be forbidden from offering testimony on re-direct. The Court then took a recess.

At the end of the recess, the Court again asked Defendant if he would answer the question. Defendant, again asserting that he was not a "snitch," confirmed that he would not. The Court then told Defendant:

> Mr. Underwood, let me explain something to you, okay. If you choose not to answer that question and you are not -- you have not articulated any basis which might indicate that you are refusing to answer that question based upon any Fifth Amendment rights against self-incrimination because she is not asking you to incriminate yourself. So if you refuse to answer that statement, I am advising you that you may be found in criminal contempt.
>
> And if I find that you are in criminal contempt of court, then you could face a fine or an additional term of imprisonment of up to six months which may be served consecutive; that is, in addition to any term of imprisonment which might be imposed as a result of this case or any other criminal charges which you may face.
>
> Do you understand that, sir?

(*Id*. at 14). While Defendant made clear he did not agree with the requirement that he answer the question, he confirmed that he understood the Court's warning. (*Id*. at 16). When asked whether, knowing the potential penalty, he still refused to answer the question, Defendant responded, "[y]es, ma'am. I object to becoming a police officer." (*Id*. at 18). Defendant was informed that the issue of his contempt would be taken up later.

Turning to the Government, the Court denied its request to limit Defendant's re-direct testimony. After a discussion of other trial-related matters, the jury was brought back into the courtroom. The following exchange then occurred:

> Q. Mr. Underwood, you've indicated that you know the identity of the other male at the Monroe Street address. Who is that other individual?
>
> A. I wish not to answer that question.
>
> Q. Who is the individual who shot into the house on Monroe Street?
>
> A. I'd rather not answer that question.

(*Id*. at 24-25). With that, the Government ended its cross-examination.

**B.     Legal Discussion**

A court may find a person in contempt under 18 U.S.C. § 401(1) for "[m]isbehavior. . .in its presence or so near thereto as to obstruct the administration of justice[.]" A conviction under

3

this section requires proof of an intentional and objective obstruction to the administration of justice. *United States v. Griffin*, 84 F.3d 820, 832 (7th Cir. 1996) (citing *United States v. Seale*, 461 F.2d 345, 367–68 (7th Cir. 1972)). Section 401(3) allows for a finding of contempt for "[d]isobedience or resistence to [a court's] lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). A contempt conviction under this subsection requires proof that the violation of the court's order was willful. *Doe v. Maywood Hous. Auth.*, 71 F.3d 1294, 1297 (7th Cir. 1995). As is true for other substantive criminal offenses, criminal contempt must be proved beyond a reasonable doubt. *Griffin*, 84 F.3d at 831–32.

The Federal Rules of Criminal Procedure give the Court two options for pursuing a charge of contempt. Rule 42(a) provides that "[a]ny person who commits criminal contempt may be punished for that contempt after prosecution on notice." Fed. R. Crim. P. 42(a). The notice must state the time and place of the trial, allow a reasonable time to prepare a defense, and "state the essential facts constituting the charged criminal contempt and describe it as such." Fed. R. Crim. P. 42(a)(1). Subsection (a) also requires the court to request that the government prosecute the contempt, and if the government declines, "the court must appoint another attorney" to do so. Fed. R. Crim. P. 42(a)(2). Rule 42(b), however, states that "[n]otwithstanding any other provision of these rules, the court. . .may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies[.]" Fed. R. Crim. P. 42(b).

Because Defendant's conduct took place in the presence of the Court, the summary procedures of Fed. R. Crim. P. 42(b) are available and appropriate. Defendant repeatedly refused to answer the Government's questions after repeated commands from the Court that he do so. This brings his conduct within the scope of 18 U.S.C. § 401(3). And because the Court repeatedly

4

advised Defendant of its intent to hold him in contempt, and further advised him of the potential penalties, the Court finds that Defendant's contemptuous conduct was willful. The Court finds all the above beyond a reasonable doubt and finds Defendant guilty of criminal contempt of court.

**C.     Conclusion**

For these reasons, the Court finds Defendant guilty of criminal contempt. The sentence for the criminal contempt will be addressed at sentencing for the underlying conviction.

SO ORDERED on November 17, 2022.

                                   s/ *Holly A. Brady*
                                   JUDGE HOLLY A. BRADY
                                   UNITED STATES DISTRICT COURT